IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHEN A. WEST,<br>AIS 319507,<br><br>    Plaintiff,<br><br>v.<br><br>HOUSTON COUNTY JAIL, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 1:24-CV-380-RAH-KFP<br>)<br>)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, filed this case on July 1, 2024. Plaintiff submitted a Motion for Leave to Proceed In Forma Pauperis (Doc. 2) and a document docketed as a prisoner trust fund account statement (Doc. 3). Because the second document was not a prisoner trust fund account statement but a transaction report of web deposits and charges for April 2024, the Court did not have the information necessary to determine whether Plaintiff should be allowed to proceed in forma pauperis in this case and entered an Order on July 8, 2024, requiring Plaintiff to provide the Court with this information by July 22, 2024.[1] Doc. 4. The Court informed Plaintiff that his failure to comply with the July 8 Order would result in a Recommendation this case be dismissed. *Id.* at 2. To date, Plaintiff has not filed the required documentation or otherwise complied with the July 8, 2024, Order.

---

[1] In accordance with the provisions of 28 U.S.C. § 1915(b)(1), a prisoner who seeks to proceed in forma pauperis in a civil action or on appeal is required to pay the full amount of the requisite filing fee. Thus, this Court must, under the provisions of 28 U.S.C. § 1915(b)(1), "assess and, when funds exist, collect" the $350.00 filing fee from monies available to Plaintiff, when the amount in his account exceeds $10.00.

Because of Plaintiff's failure to comply with the Court's order, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that by **September 3 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by

the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3–1.

DONE this 19th day of August, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE